O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VENU GOPAL JOGA, | ) | Case No. 18-cv-07078 DDP (JPRx) |
| | ) | |
| Plaintiff, | ) | **ORDER DISMISSING FOR LACK** |
| | ) | **OF SUBJECT MATTER** |
| v. | ) | **JURISDICTION** |
| | ) | |
| ANASUYA REDDY | ) | [Dkt. 40] |
| JOGADINNEMEEDA, an individual; | ) | |
| and DOES 1 to 50, inclusive | ) | |
| | ) | |
| Defendants. | ) | |

Presently before the court is Defendant Anasuya Reddy Jogadinnemeeda's Motion for Judgment on the Pleadings. (Dkt. 40.) Having considered the parties' submissions and heard oral argument, the court adopts the following order dismissing this action for lack of subject matter jurisdiction.

**I. BACKGROUND**

Plaintiff Venu Gopal Joga ("Plaintiff"), a resident of Denton County, Texas, brings this action against Defendant Anasuya Reddy Jogadinnemeeda ("Defendant"), a resident

of Simi Valley, California. (Dkt. 8, First Amended Complaint "FAC" ¶¶ 3, 4.) Plaintiff and Defendant were married in 1996 and obtained a final Judgment of Dissolution in 2009. (*Id.* ¶¶ 8, 11.) Plaintiff alleges that "during the course of the Dissolution proceeding, Plaintiff obtained a Restraining Order against Defendant due to her Domestic Violence and other abusive behavior." (*Id.* ¶ 12.) Plaintiff further alleges that since the divorce, Defendant has filed three lawsuits in India, (*id.* ¶ 14), "improperly used the Penal Code" in India falsely claiming, "domestic violence, cheating and threats to her," (*id.* ¶ 15), "that the U.S. divorce was not valid and was obtained by fraud, blackmail and under duress," (*id.* ¶ 17), and that Defendant "participated in a TV program on a South Indian TV channel . . . [and] published false and defamatory statements about Plaintiff on this TV show." (*Id.* ¶ 21.) Plaintiff also alleges that Defendant has sent "defamatory emails to his employer." (*Id.* ¶ 25.)

Plaintiff alleges that as a result of Defendant's conduct, Plaintiff's family in India has been harassed and arrested, (*id.* ¶ 15), Plaintiff has suffered warnings at his place of employment, (*id.* ¶ 26), has been required to move, (*id.* ¶ 29), and has been embarrassed, humiliated, and has suffered stress and anxiety. (*Id.* ¶ 37.) Based on the allegations above, Plaintiff raises claims of (1) intentional misrepresentation (fraud); (2) defamation; and (3) intentional infliction of emotional distress.

On September 24, 2018, default was entered against Defendant. (Dkt. 11.) Defendant moved to set aside the entry of default and the court granted the motion on February 12, 2019. (Dkt. 21.) Defendant now moves for Judgment on the Pleadings under Rule 12(c). After conducting a hearing on the motion, the court allowed the parties to file supplemental briefing regarding this court's subject matter jurisdiction and whether the domestic relations exception should be applied in this case. (Dkt. 45.) The parties have not filed supplemental briefing on this issue.

The court does not reach the merits of Defendant's motion because the court has determined that this court lacks subject matter jurisdiction.

2

**II. LEGAL STANDARD**

This court has an independent duty to determine whether it has subject matter jurisdiction, regardless whether the parties have raised the issue. *United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir. 2004). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); Fed. R. Civ. P. 12(c) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**III. DISCUSSION**

Plaintiff asserts that jurisdiction is proper under 28 U.S.C. § 1332 and 28 U.S.C. § 1350. (FAC ¶ 2.) The court addresses these jurisdictional bases below.

### A. Domestic Relations Exception to Diversity Jurisdiction

District courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The domestic relations exception to diversity jurisdiction encompasses two types of cases, (1) "ecclesiastical actions," and (2) actions where "domestic relations problems are involved tangentially to other issues determinative of the case." The first type of domestic relations cases are actions that ask a federal court to "grant a divorce or annulment, determine support payments, or award custody of a child." *Csibi v. Fustos*, 670 F.2d 134, 137 (9th Cir. 1982). There is no subject matter jurisdiction over the first type of domestic relations cases. *Id.* The second type are cases where "the primary issue concerns the status of parent and child or husband and wife." *Id.* (citing *Buechold v. Ortiz*, 401 F.2d 371 (9th Cir. 1968)). "Federal courts may exercise their discretion to abstain from deciding such cases." *Id.*

///
///
///

3

Here, Plaintiff seeks relief for intentional misrepresentation, defamation, and intentional infliction of emotional distress. Plaintiff's claims rely on the following allegations: Defendant "falsely claimed in her criminal case [in India] domestic violence, cheating and threats," (FAC ¶ 15), Defendant claimed in cases filed in India that the "U.S. divorce was not valid and was obtained by fraud, blackmail and under duress, and that she is still married to Plaintiff," (*id.* at 16), Plaintiff alleges that "[e]ach claim [in India] was completely false," (*id.*), and Plaintiff alleges that Defendant filed a police report in India reporting that "Plaintiff had forced Defendant to undergo an abortion against her will and forced her to sign divorce papers against her will." (*Id.* at 33.) To prevail, Plaintiff will need to prove that the alleged reports and statements made in India were false, including demonstrating that the parties' divorce was valid and not procured through duress.

The validity of the parties' divorce is necessarily implicated in Plaintiff's causes of action. Because Plaintiff's claims are factually predicated on alleged false statements of the validity of the parties' divorce, the court declines to exercise jurisdiction over this action and finds that abstention is appropriate. *See Csibi*, 670 F.2d at 137-38 (finding that "to settle this claim the court would have to determine the marital status of the wives," therefore abstained from adjudicating claims to decedent's estate where underlying claim was for "wrongful interference with inheritance."); *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) ("Proof of [plaintiff's] tort claims would require that the district court inquire into matters directly relating to the marital relationship or the property settlement."); *see also Fern v. Turman*, 736 F.2d 1367, 1370 ("A federal court has jurisdiction over cases when domestic relations issues are implicated only tangentially, but may decline to exercise that jurisdiction where the issues are closely related to issues within the domestic relations exception and considerations of comity and policy counsel against federal court intervention.") (listing cases).

///

4

### B. Arising Under Jurisdiction

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff asserts that this action is proper under the federal statute 28 U.S.C. § 1350. Section 1350 provides that district courts "shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350. However, here, Plaintiff is a U.S. citizen, therefore, Plaintiff cannot assert a claim under Section 1350. Accordingly, there is no arising under jurisdiction.

### IV. CONCLUSION

For the reasons set forth above, the court dismisses this action for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: July 16, 2019

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE